# PARKER HANSKI LLC
40 Worth Street, Suite 602
New York, New York 10013
Phone:   212.248.7400
Fax:   212.248.5600

December 4, 2022

The Honorable Katherine Polk Failla
United States District Judge
United States District Court



Re:  *Sabrina Bennett v. Morrison Management LLC*

**Docket No. 1:22-cv-06796 (KPF)(SLC)**

Dear Judge Failla:

Pursuant to Your Honor's Order, the parties hereby submit this joint letter prior to the Initial Pretrial Conference.  The parties are in agreement about the proposed discovery schedule, have no issues to raise with the Court, and the discovery schedule calls for the close of all discovery within six months.

The parties respectfully ask the Court to **cancel** the December 14, 2022 initial pretrial conference and to issue an Order of reference for this case to the S.D.N.Y. mediation program.

(i) **A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion;**

By this action, plaintiff seeks to compel the defendants to, among other things, make their premises readily accessible and usable to the disabled plaintiff to persons who use wheelchairs.  Plaintiff alleges violations of the following laws: Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York State Human Rights Law, Executive Law § 296; New York State Civil Rights Law § 40, and the New York City Human Rights Law, Administrative Code of the City New York § 8-107.  The major legal and factual issues that are most important to resolving the case are whether the premises comply with the ADA Standards for Accessible Design.

Defendant's defenses: Defendant is the owner of the building. The commercial tenant ("tenant"), per the lease between it and defendant, has dominion and control over the premises to the extent relevant to this action. In any event, the tenant has a ramp up during business hours which is taken down only for short periods for regular maintenance of the premises. Tenant's staff is regularly available to assist any patrons in need of help and do so regularly.

(ii) **A brief explanation of why jurisdiction and venue lie in this Court. In any action in**

**which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.** *See, e.g.*, *Handelsman* **v.** *Bedford Vill. Assocs. L.P.*, **213 F.3d 48 (2d Cir. 2000).**

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

(iii) **A statement of all existing deadlines, due dates, and/or cut-off dates;**

    None.

(iv) **A brief description of any outstanding motions;**

    None.

(v) **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;**

    No discovery has taken place to date. Discovery that will be necessary for the parties to engage in meaningful settlement negotiations includes documents relating to alterations made to the premises, architectural/design plans, expert inspection, financial documents from defendants to the extent that the defendants are asserting the defense of not financially readily achievable.

(vi) **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

    To date, the parties have not had settlement discussions, but the parties are interested in a referral to the S.D.N.Y. Mediation Program.

(vii) **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

2

   Aside from the information provided herein, the parties have no other information to present to the Court at this time.

   Thank you for your time and attention to this matter.  With kindest regards, I am

very truly yours,

_____/s/_____<br>Glen H. Parker, Esq.

```
Application GRANTED.  The initial pretrial conference scheduled to take
place on December 14, 2022, is hereby ADJOURNED sine die.  The parties'
proposed case management plan and an order referring this case to the
District's Mediation Program will issue under separate cover.

The Clerk of Court is directed to terminate the pending motion at docket
entry 20.

Dated:    December 5, 2022          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE